# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Wanda Moore and Deirdre Leggroan,　　　　　　Case No. 3:17-CV-112-J2SMCR

　　　　　Plaintiff(s),

v.

Bono's Pit Bar B Q

c/o Grace & Company, a Florida corporation,

Anne Grace Lee, as Owner,

JKK, Inc. d/b/a Bono's Pit Bar B Q,

　　　　　Defendant(s).

_____/

**AMENDED COMPLAINT**

(Injunctive Relief Demanded)

　　　　Plaintiffs', Wanda Moore and Deirdre Leggroan, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), Amended their Complaint to hereby sue the Defendants, Bono's Pit Bar B Q and Grace & Company, a Florida corporation, and Anne Grace Lee as Owner (sometimes referred to as "Defendant (s)") , and to include the Lessee, JKK, Inc. d/b/a Bono's Pit Bar B Q for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiffs' are Florida residents, that live in Duval County, are sui juris, and qualify as individuals with disabilities as defined by the ADA. Plaintiff, Wanda Moore is unable to engage in the major life activity of walking due to the fact that she is a double amputee and is bound to ambulate in a wheelchair. Plaintiff, Deirdre Leggroan has double knee replacements and has to use a cane to be able to move from place to place.

2. Defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, lease or leases to is known as Bono's Pit Bar-B-Q and is located in the County of Duval.

3. Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. As the owner, lessor, lessee, or operator of the subject premises, Defendants are required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facilty"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of Bono's Pit Bar B-Q has shown that violations exist. These violations include, but are not limited to:

**General**

a. The facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

b. The facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

**Parking and Loading zone**

c. The facility fails to provide all required features in its parking spaces in violation of Section 208.2.4 and 502.6, of the new ADAAG and 4.1.2 (5)(b) old, whose resolution is readily achievable.

d. The facility also fails to maintain proper signage for all accessible parking spaces in violation of Section 502.6, of the new ADAAG and 4.6.4 old, of the whose resolution is readily achievable.

**Accessible Routes**

e. The facility fails to provide the most accessible route from the access aisle that complies with the ADAAG Section 502.3 and 208.3.1 of the new and whose resolution is readily achievable.

f. The facility fails to provide all ramps with proper slope in violation of Section 406.3 of the new ADAAG, whose resolution is readily achievable.

**Restrooms**

g. The facility fails to provide required grab bars in all restrooms in violation of Section 604.5.2, of the new ADAAG and 4.17.6 old, whose resolution is readily achievable.

h. The facility fails to provide an accessible route and maneuvering clearance for a front approach door, violating Section 206.2.4 and 404.2.4 of the new ADAAG, whose resolution is readily achievable.

i. The facility fails to provide signage, violating Section 703.5, 703.2, 703.3, 703.4.2, 703.4.1 of the new ADAAG, whose resolution is readily achievable.

j. The size and arrangement of the toilet stall provide by the facility is insufficient and

fails to meet the requirements of the new ADAAG, Sections 603.2.1, 603.2.3, 604.3.1, and 4.17.3 old, whose resolution is readily achievable.

k. There is insufficient access to all essential parts of the of the restroom, required by Section 604.8.1.1 and 604.8.1.2 of the new ADAAG and 4.16.5 old, whose resolution is readily achievable.

l. The restroom wall has improper hardware for disabled persons, in violation of Section 404.2.7 of the new ADAAG and 4.13.9 old, whose resolution is readily achievable.

m. The dispensers provided by the facility fail to meet the requirements of the of the ADAAG Section 308.2.2, new and 4.19.6 old, whose resolution is readily achievable.

n. The bathroom fixtures provided by this facility do not meet all the requirements of the ADAAG Section 606.4, new and 4.18.2 old, whose resolution is readily achievable.

o. The single user water closet provided by this facility do not meet the requirements of the new ADAAG Sections 604.2, 604.3.1 and 604.4, whose resolution is readily achievable.

8. Plaintiffs' have visited the property which forms the basis of this lawsuit and plan to return to the property to avail themselves of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiffs' have encountered barriers at the subject property which discriminate against them on the basis of their disabilities.

9. In the alternative, Plaintiffs' are advocates of the rights of similarly situated disabled persons and are "testers" for the purpose of asserting their civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendants facility, create a hazard to Plaintiff's safety.

11. Plaintiffs' are continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist, unless they are willing to suffer additional discrimination.

12. The violations present at Defendants facility infringe Plaintiff's right to travel free of discrimination. Plaintiffs' have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants facility.

By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiffs' the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants facility, and knowing that it would be a futile gesture to return unless they are willing to endure additional discrimination, Plaintiffs' are deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendants deprive plaintiffs' the equality of opportunity offered to the general public.

13. Plaintiffs' have suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiffs' have a realistic, credible, existing and continuing threat of discrimination from the Defendants non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint. Plaintiffs' have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiffs' desire to visit Bono's Pit Bar B Q not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and others in similar situation will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendants have discriminated against the Plaintiffs' by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. Defendants have discriminated against the Plaintiffs' by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiffs', and all those similarly situated by failing

to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiffs' are without adequate remedy at law and is suffering irreparable harm. Plaintiffs' have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to require the Defendants to alter Bono's Pit Bar B Q to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, Plaintiffs' respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to ensure that such measures are taken that may be necessary to safeguard that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

> Respectfully Submitted,
> Attorney for Plaintiffs'
>
> By: *Robert C. Gibson*
> Robert Gibson, Esq.
> Fla Bar No. 0054998
> The Law Office of Robert Gibson
> A Professional Association
> 9408 Arlington Expressway
> Jacksonville, Fl. 32225
> Office: 904-723-0001
> Fax: 1-877-978-9797
> Email: Contact@4lawdoc.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Wanda Moore and Deirdre Leggroan )
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No. 3:17-CV-112-J2SMCR
)
Bono's Pit Bar B Q )
c/o Grace and Company, a Florida Corporation )
Anne Grace Lee as Owner and JKK, Inc. d/b/a )
Bono's Bar B Q Pit )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* JKK, Inc. d/b/a Bono's Pit Bar B Q
c/o Registered Agent, Richard K. Jones
Moseley, Prichard, Parrish, Knight & Jones
501 West Bay Street
Jacksonville, Fl. 32207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: The Law Office of Robert Gibson
9408 Arlington Expressway
Jacksonville, Fl. 32225

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 02/08/2017 _____
*Signature of Clerk or Deputy Clerk*